**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DANIEL GONZALEZ | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: 4:21-cv-546 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC. | ) | |
| | ) | |
| & | ) | |
| | ) | |
| MIDLAND FUNDING, LLC | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Daniel Gonzalez, by and through the undersigned counsel, and for his Complaint against Defendants, Midland Credit Management, Inc. and Midland Funding, LLC, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Oak Point, a part of Denton County, Texas 75068.

6.     The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Oak Point, a part of Denton County, Texas 75068, making Sherman a proper venue under 28 U.S. Code § 1391(b)(2).

7.     Defendant MCM, a Kansas corporation headquartered in San Diego, California practices as a debt collector throughout the country, including Texas.

8.     Defendant MF, a Delaware corporation headquartered in San Diego, California, practices as a debt collector through the country, including Texas.

9.     Defendant MCM attempts to collect alleged debts throughout the state of Texas, including in Oak Point city and Denton county.

10.     Defendant MF acts as a debt buyer throughout the state of Texas, including in Oak Point city and Denton county.

11.     Defendants are registered with the Texas Secretary of State and have a registered agent in the state.

12.     Defendants have actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

13.     Defendants have sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Oak Point city and Denton county and Defendant attempts to collect alleged debts throughout the state of Texas.

14.      As Defendants knowingly attempted to collect on a debt allegedly incurred in Oak Point, Texas, they thus have sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

15.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

16.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

17.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

18.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

19.     Plaintiff, Daniel Gonzalez, (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

20.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

21.     Defendant MF is a Delaware corporation with its principal place of business at 2365 Northside Drive, Suite 300, San Diego, California 92108. The principal business purpose of Defendant

MF is debt buying, whereby Defendant MF buys outstanding debt obligations and then retains lawyers or collection agencies to collect the debts alleged due.

22.    Defendant, MF, is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Texas.

23.    Defendant MCM is a Kansas corporation with its principal place of business at 2365 Northside Drive, Suite 300, San Diego, CA. The principal business purpose of Defendant MCM is the collection of debts in Texas and Nationwide, and Defendant regularly attempts to collect debts alleged due to another.

24.    Defendant, MCM, is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Texas. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

25.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

26.    On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt.

27.    On or about July 16, 2020, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

28.    The debt was said to be allegedly owed for a personal credit card and therefore would only have been used for personal or household purposes.

29.    The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     During the telephone call, Plaintiff stated he wanted to dispute the debt.

32.     Defendant should have accepted the dispute at that point and ended the call.

33.     Instead, Defendant immediately attempted to argue with Plaintiff.

34.     The Defendant then asked Plaintiff for the reason for the dispute. This in improper, as Plaintiff is entitled to dispute the alleged debt for any reason, or even no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), <u>Whitten v. ARS National Servs. Inc.</u>, 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), <u>Castro v. ARS National Servs., Inc.</u>, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), <u>Frey v. Satter, Beyer & Spires.</u>, 1999 WL 301650 (N.D. Ill. May 3, 1999).

35.     Plaintiff again stated that he wished to dispute the alleged debt.

36.     Defendant continued to argue with Plaintiff by telling him that the charges would not be removed.

37.     Defendant continued by attempting Plaintiff to agree to a settlement.

38.     Defendant would have no other purpose in making this offer unless Defendant were attempting to coerce Plaintiff to forego his dispute and make a payment on a debt he would otherwise not have paid.

39.     The representative then told Plaintiff that they could not remove it from Plaintiff's credit unless he paid the alleged debt. This is false and misleading. There are numerous ways an alleged debt could be removed from a tradeline, namely, if a consumer disputes and alleged debt that an original creditor cannot validate.

40.     Defendant's representative, upon information and belief, made this statement as a tactic to get the consumer to pay in an attempt to save his financial health from this false and improper reporting.

41.     Defendant's representative attempted to confiscate the dispute process and tried to stymie Plaintiff's attempts to exercise his rights under the FDCPA.

42.     Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

43.     All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

44.     Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

45.     Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

46.     Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

47.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

48.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

49.     Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.)

See Also, <u>Goswami</u>, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

50.     Defendant MF exercised control over Defendant MCM's conduct and attempts to collect the alleged debt. See <u>Pollice v. National Tax Funding, L.P.</u>, 225 F.3d 379, 404 (3d Cir. 2000); <u>Okyere v. Palisades Collection, LLC</u>, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., <u>Plummer</u>, 66 F. Supp. 3d at 493; <u>Fritz v. Resurgent Cap. Servs., LP</u>, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F.3d 1162, 1173 (9th Cir. 2006); <u>Bodur v. Palisades Collection, LLC</u>, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., <u>Nichols v. Niagara Credit Recovery, Inc.</u>, No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); <u>Sanchez v. Abderrahman</u>, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

51.     Defendant MF is vicariously liable for Defendant MCM's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant MCM, was allowed to attempt to collect on their behalf.

52.     Defendant MCM would not legally be allowed to collect the alleged debt on behalf of MF if Defendant MF had not in fact given them approval or agency to act on their behalf to collect in a manner MF had knowingly approved or permitted.

53.     Upon information and belief, Defendant MF gave Defendant MCM the green light, and thus agency, to attempt to collect the alleged debt in the manner in which MCM did.

## COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

54.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

55.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but

not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

56.     Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

57.     Defendants' collection efforts only serve to confuse and mislead the consumer.

58.     Defendants' collection efforts were materially false, misleading, and deceptive.

59.     Defendants' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daniel Gonzalez, prays that this Court:

A.     Declare that MCM's debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff Daniel Gonzalez and against MCM and MF, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

60.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

61.     Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

62.     MCM's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

63.     MCM and MF's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Daniel Gonzalez, prays that this Court:

A.      Declare that MCM's debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff Daniel Gonzalez, and against MCM and MF, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices**

64.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

65.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

66.     MCM's communications with Plaintiff were deceptive and misleading.

67.     MCM used unfair and unconscionable means to attempt to collect the alleged debt.

68.     MCM and MF's violation of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Daniel Gonzalez prays that this Court:

A.      Declare that MCM's debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff Daniel Gonzalez and against MCM and MF, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper.

## <u>JURY DEMAND</u>

69.    Plaintiff demands a trial by jury on all Counts so triable.

Dated: July 15, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By:    <u>/s/ Samantha J. Orlowski</u>

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
*Attorney for Plaintiff*